

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-10-127-CV**

JASMINE MONTGOMERY                                        APPELLANT

V.

WANDA MATUCCI                                             APPELLEE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

# MEMORANDUM OPINION[1]

------------

Appellant Jasmine Montgomery attempts to appeal from the trial court's "Order On Plaintiff's Affidavit Of Inability To Pay Costs," in which the trial court denied her request for a waiver of the costs for filing a suit in the trial court. In a letter dated May 10, 2010, we notified Montgomery that we were concerned that

---

[1]*See* Tex. R. App. P. 47.4.

we might not have jurisdiction over this appeal because the order she was attempting to appeal from does not appear to be a final judgment or appealable interlocutory order. We stated that unless Montgomery or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before May 20, 2010, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Montgomery filed a response that does not show grounds for continuing this appeal.

The general rule, with a few exceptions, is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if allowed by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). The trial court's order refusing to waive the costs based on Montgomery's affidavit is an interlocutory order. Montgomery cites no authority, and we have found none, providing for an interlocutory appeal to be taken from the trial court's interlocutory indigency order. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008). We thus lack subject matter jurisdiction over the interlocutory indigency order that Montgomery attempts to appeal. *See Aguilar v. Tex. La Fiesta Auto Sales LLC*, No. 01-08-00653-CV, 2009 WL 1562838, at *1–2 (Tex. App.—Houston [1st Dist.] June 4, 2009, no pet.) (mem. op.) (dismissing appeal of interlocutory order sustaining challenge to indigency affidavit).

Because Montgomery's complaints do not concern a final judgment or appealable order, we dismiss her appeal for lack of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

                                        SUE WALKER
                                        JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  August 5, 2010